I,AMY, J.,
concurring in part, dissenting in part.
I agree with the majority that the trial court did not err in granting the plaintiffs motion for summary judgment, although I find that an affirmation is appropriate for different reasons. In my opinion, since the plaintiff filed the motion for summary judgment, he had the burden of proving that there was coverage on the day of the automobile accident. This burden was satisfied by the introduction of the policy and the uncontested fact that the accident occurred during the policy term. Once the plaintiff satisfied this showing, the burden then shifted to the defendant to demonstrate that cancellation had been effected by certified mail or delivery. Because cancellation, if it can be shown, is a defense, I do not find that such an issue was one that the plaintiff was required to anticipate and resolve in his own motion for summary judgment.
It is true that if the defendant insurer could have proven that cancellation had been effected by certified mail or delivery, the burden would have then returned to the plaintiff to demonstrate that, in fact, no such issue remained unresolved. This situation is not present in the instant case, however, as the defendant did not demonstrate that the cancellation was either sent by certified mail or delivered. In my | ^opinion, delivery can be completed by a variety of methods, including regular mail received by the insured. As there was no demonstration that the insured received the cancellation notice, a genuine issue of material fact is unresolved by the parties’ submissions. This issue, however, is one attendant to an affirmative defense. Thus, finding that the plaintiff met the required initial burden and the defendant failed to prove the affirmative defense relied upon, I believe that the trial court correctly granted the summary judgment of the plaintiff and denied that of the defendant.